**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**JUSTIN GOLDMAN**,
Plaintiff,

v.

**COX MEDIA GROUP, LLC**, **WPXI, LLC**, and **COX MEDIA GROUP TELEVISION, INC.**,
Defendants.

Civil Action No. _____

**COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT AND RELATED RELIEF**

Plaintiff Justin Goldman ("Plaintiff" or "Goldman"), proceeding pro se, alleges as follows:

---

## I. INTRODUCTION

1. This is an action for **material breach of a Confidential Settlement Agreement and Release** (the "Settlement Agreement") executed in or about May 2020, which resolved prior federal copyright litigation brought by Plaintiff against Defendants concerning the same copyrighted photograph at issue here.
2. The Settlement Agreement was not a blanket license and did not immunize Defendants from undisclosed or continuing uses. To the contrary, it was expressly conditioned on Defendants' **truthful disclosure of all uses then known or reasonably knowable**, and on Defendants' ongoing compliance thereafter.
3. In exchange for Plaintiff's dismissal with prejudice of multiple federal actions and a broad release limited to identified uses, Defendants **warranted and represented that no additional uses of Plaintiff's photograph existed** beyond those disclosed and resolved.
4. That representation was **false when made**, and Defendants' failure to disclose and remove additional Cox-controlled uses constitutes a **material breach that goes to the heart of the settlement bargain**.
5. Plaintiff does not seek to relitigate the merits of the earlier copyright cases. This action seeks to **enforce the Settlement Agreement** and recover damages flowing from Defendants' breach, including their failure to ensure post-settlement compliance with respect to a photograph they had already paid to resolve.

---

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has **ancillary and inherent jurisdiction to enforce settlement agreements** resolving federal actions previously before it.
7. Venue is proper in this District pursuant to the **forum-selection and governing-law provisions of the Settlement Agreement**, which designate New York law and courts located in the Southern District of New York as the exclusive forum for disputes arising from the agreement.
8. Venue is further proper under 28 U.S.C. § 1391 because Defendants conduct substantial business in this District and because Defendants directed and controlled the publication of the Image via internet and social-media platforms that were accessed by users in this District.

## III. PARTIES

9. Plaintiff Justin Goldman is a professional photographer and resident of New York, New York.
10. Defendant Cox Media Group, LLC is a national media conglomerate operating broadcast television stations and digital platforms throughout the United States.
11. Defendant WPXI, LLC is a Cox-owned television station entity, a signatory to the Settlement Agreement, and the operator of verified social-media accounts that published Plaintiff's copyrighted image.
12. Defendant Cox Media Group Television, Inc. operates Cox's broadcast television properties, including Boston 25 News, and is bound by and benefited from the Settlement Agreement.
13. Defendants are referred to collectively as "Cox."

## IV. FACTUAL ALLEGATIONS

### A. The Image and Plaintiff's Enforcement History

14. Plaintiff is the sole owner of the exclusive copyright in a widely disseminated photograph depicting Tom Brady and others in the Hamptons (the "Image").
15. Plaintiff has repeatedly and successfully enforced his rights in the Image, including in **Goldman v. Breitbart News Network, LLC**, a landmark federal decision addressing unauthorized digital republication of copyrighted photographs.
16. Cox was fully aware of Plaintiff's enforcement history and litigation posture when it entered into the Settlement Agreement.

### B. The Settlement Agreement and Cox's Warranties

17. In or about May 2020, Plaintiff and Cox entered into the Settlement Agreement resolving multiple consolidated federal actions.
18. Under the Settlement Agreement:

- Plaintiff dismissed all claims with prejudice;
- Plaintiff granted a release **limited strictly to expressly identified uses**;
- Cox paid substantial consideration; and
- Cox **expressly warranted and represented that no other uses of the Image existed** beyond those disclosed and resolved.

19. The Settlement Agreement granted **no continuing license**, permitted **no archival or legacy display**, and contained **no notice-and-cure provision**.
20. The accuracy of Cox's representations regarding the scope of its uses was a **material condition precedent** to Plaintiff's agreement to settle.

## C. Undisclosed, Continuing Cox-Owned Uses

21. In December 2025, Plaintiff discovered that the Image remained publicly displayed on multiple Cox-owned, Cox-controlled, verified social-media accounts, including but not limited to: a. WPXI (@WPXI) — undisclosed post: https://x.com/WPXI/status/749680511115812865; b. WPXI (@WPXI) — a second undisclosed and separate publication; and c. Boston 25 News (@boston25) — undisclosed post: https://x.com/boston25/status/749490867065352192.
22. Each of these posts:

- Is owned, operated, and controlled exclusively by Cox;
- Publicly displays the Image;
- Was accessible to the public for years;
- Was **never disclosed in the Settlement Agreement**; and
- Falls squarely **outside the scope of any release**.

23. These undisclosed uses demonstrate that Cox's warranty that "no other uses existed" was false, rendering the Settlement Agreement **materially breached at execution**.

## D. Notice and Continued Non-Compliance

24. Plaintiff provided Cox with notice of the undisclosed and continuing uses.
25. Cox failed to promptly and fully remove the Image from its own platforms.
26. Because the Settlement Agreement contains **no cure provision**, Cox's breach occurred at the moment its representation was untrue, and its continued public display has **compounded damages**.

## V. CLAIM FOR RELIEF

**COUNT I – BREACH OF SETTLEMENT AGREEMENT**

27. Plaintiff incorporates all preceding paragraphs.
28. The Settlement Agreement is a valid and enforceable contract.
29. Cox materially breached the Settlement Agreement by, inter alia:

- Falsely warranting the scope of its uses of the Image;
- Failing to disclose known or knowable uses under its control; and
- Continuing to publicly display the Image post-settlement and post-notice.

30. Plaintiff fully performed all obligations required of him under the Settlement Agreement.
31. As a direct and proximate result of Cox's breach, Plaintiff has suffered substantial damages, including loss of the benefit of his bargain and continued unauthorized exploitation of his copyrighted work.
32. The Settlement Agreement provides that the prevailing party in an action arising from breach is entitled to recover **attorneys' fees and costs**, shifting litigation risk squarely onto Cox.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Declare that Defendants have materially breached the Settlement Agreement;

C. Award compensatory damages in an amount to be proven at trial, including but not limited to **no less than $500,000**;

D. Award Plaintiff attorneys' fees and costs pursuant to the Settlement Agreement;

E. Issue injunctive relief requiring Defendants to permanently remove the Image from all Cox-owned and Cox-controlled platforms;

F. Award pre- and post-judgment interest; and

G. Grant such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 28, 2026
New York, New York

Respectfully submitted,

**Justin Goldman**
Plaintiff, Pro Se